IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HURTADO (TDCJ No. 1445905), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-3402-P-BN |
| TRIAL COURT JUDGES, ET AL., | § § § | |
| Defendants. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND REGARDING PLRA FILING FEE**

This case, severed from an action ostensibly filed by one Texas inmate on behalf of fellow inmates, has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis.

On January 6, 2016, the undersigned recommended the dismissal of this case without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), after Plaintiff failed to respond to the Court's notice of deficiency [Dkt. No. 5], requiring him to submit a signed complaint and request to proceed *in forma pauperis* ("IFP") containing sufficient information to determine wether IFP status is appropriate along with a verified/signed certificate of inmate trust account, *see* Dkt. No. 6. The Findings, Conclusions, and Recommendation ("FCR") provided, however, that if Plaintiff responds to the notice of deficiency within 14 days of the date of the FCR, the

Court should refer this action back to the undersigned for further consideration.

Plaintiff has filed an objection to the FCR, and Chief Judge Solis has recommitted this mater to the undersigned for screening. *See* Dkt. Nos. 7 & 8.

The FCR is therefore WITHDRAWN.

And, in light of the Prison Litigation Reform Act of 1996 (the "PLRA"), the following is hereby ORDERED:

1. Plaintiff is GRANTED leave to proceed pursuant to 28 U.S.C. § 1915.

2. The agency having custody of Plaintiff shall forward to the Court, when funds exist in his inmate trust account or institutional equivalent, an initial partial filing fee of **$0.00**.

3. Plaintiff shall pay **$350.00**, the balance of the filing fee, in monthly installments as provided in 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, if any, the agency having custody of Plaintiff shall deduct 20% of each deposit made to Plaintiff's inmate trust account and forward payments to the Court on a regular basis provided the account exceeds **$10.00**.

4. Service of process shall be withheld pending further judicial screening pursuant to 28 U.S.C. § 1915(e)(2) and/or 28 U.S.C. § 1915A.

5. No amendments or supplements to the complaint shall be filed without prior Court approval. A complete amended complaint shall be attached to any motion to amend.

6. All discovery in this case is stayed until Defendant(s) are ordered to answer by the Court.

      7.    No motions for appointment of counsel shall be filed until the Court has completed its screening pursuant to 28 U.S.C. § 1915(e)(2).

      8.    Plaintiff shall notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Failure to file such notice may result in this case being dismissed for want of prosecution.

      9.    The Clerk shall transmit a copy of this Order to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the Court the filing fee payments on behalf of inmates, as designated by the facility in which Plaintiff is confined.

SO ORDERED.

DATED: January 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE