IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL HURTADO | § | |
| (TDCJ No. 1445905), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-3402-P-BN |
| | § | |
| TRIAL COURT JUDGES, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Jorge A. Solis. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the claims asserted by Plaintiff Michael Hurtado ("Plaintiff") should be summarily dismissed.

**Background**

On September 11, 2015, the Court received a 42 U.S.C. § 1983 complaint filed by Claude J. Oliver and, allegedly, some fifteen other Texas state prisoners – Shawn L. Dunn, Gerald L. Bradley, Terrence McNeil, Ricky Allen Barnett, Franzwa Miller, Michael Dekneff, Ramon Ramos, Enrique Garza, Cory Sierra, Oscar De La Paz, Ramiro Martinez, Preston Triplett, Billy Don Mask, Jerry Joseph Miller, and Plaintiff (collectively, the "Litigants") – against various Texas state judges, Texas state prosecutors, and defense attorneys who allegedly represented the Litigants in their

state criminal proceedings. *See* Dkt. No. 4. Although all the Litigants purportedly signed a table labeled "Supporting Signatures for Oliver" and subtitled "Signature of Claim," *see id.* at 10, below that table is handwritten "Signed on this 15th day of December 2013," *id.*, and only Oliver signed the complaint (dated August 28, 2015), *see id.* at 8. It also appears that all the Litigants submitted and signed separate motions for "request of information sheet," attached as a single exhibit to the complaint. *See id.* at 15-31.

The complaint reflects – and electronic records from the Texas Department of Criminal Justice (the "TDCJ") available online at the time the complaint was first filed reflected – that the Litigants are all incarcerated at TDCJ's Beto Unit in Tennessee Colony, Texas. But their convictions and sentences originate from various courts around the State of Texas.

The undersigned found that the complaint as filed should be considered substantively as to Oliver but also found that the other Litigants should be severed into separate actions. *See Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P, Dkt. No. 6 (N.D. Tex. Sept. 15, 2015) (the findings of fact, conclusions of law, and recommendation ("FCR")). After serving a copy of the FCR on Plaintiff, the Court adopted the FCR and summarily dismissed Oliver's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A on October 21, 2015. *See* Dkt. No. 1; *see also Oliver v. Trial Court Judges*, No. 3:15-cv-2962-P, 2015 WL 6438477 (N.D. Tex. Sept. 15, 2015), *rec. adopted*, 2015 WL 6460030 (N.D. Tex. Oct. 21, 2015).

The same day, this individual action was opened based on the complaint filed

by Oliver. *See* Dkt. No. 4. And the undersigned entered a notice of deficiency and order

on October 26, 2015, to inform Plaintiff that:

> This is now your individual action. You may choose to prosecute it yourself; you may choose to inform the Court that you do not wish to prosecute this action; or you may choose to do nothing, and the Court will dismiss your action without prejudice for failure to prosecute.
>
> If you choose to prosecute this action yourself, you must do the following by **November 30, 2015**: (1) submit a signed complaint and (2) submit a request to proceed *in forma pauperis* ("IFP") containing sufficient information to determine wether IFP status is appropriate along with a verified/signed certificate of inmate trust account. The Clerk of Court will provide you both forms along with this order. If you elect to prosecute this action by submitting a signed complaint and IFP motion, you will be responsible for paying the full filing fee even if you later choose to voluntarily dismiss this action. *See, e.g., Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam).
>
> If you choose not to prosecute this action yourself, you may submit a notice to the Court by **November 30, 2015** stating so. *See* FED. R. CIV. P. 41(a)(1)(A) (subject to some exceptions, "the plaintiff may dismiss an action without a court order by filing: ... (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment"). Or you may do nothing. If you do nothing, the undersigned magistrate judge will recommend that your action be dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 5 at 1-2.

Because Plaintiff failed to submit a signed complaint and IFP motion by

November 30, 2015, the undersigned, on January 6, 2016, recommended that this

action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure

41(b). *See* Dkt. No. 6. But that recommendation was withdrawn, and this case was

recommitted to the undersigned for screening, when Plaintiff filed an objection to the

recommendation. *See* Dkt. No. 7, 8, & 9. The Court now has granted Plaintiff to leave

to proceed IFP, *see* Dkt. No. 9, but Plaintiff has failed to file an amended complaint,

although the deadline to do so passed more 80 days ago.

As such, based on the complaint before the Court, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the claims asserted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory,

-4-

including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

As the Court did here, *see* Dkt. No. 5, a district court generally affords a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). But a court also may dismiss a prisoner's civil rights complaint as frivolous based on the complaint and exhibits alone. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceeding is frivolous." (quoting *Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

## Analysis

Plaintiff has sued (1) Texas district judges in their capacity as "legally responsible for the over-seeing of procedures of trials, ... , in the jurisdiction of [their] Court," Dkt. No. 4 at 2; (2) Texas state prosecutors in their capacity as "responsible for the over-all Criminal Prosecution of each [Litigant], of Said County, and the holder of Discovery Material pertinent to [Litigant] Cause of Conviction," *id.*; and (3) attorneys in their capacity as "officer[s] of the Court to defendant [Litigant]'s Constitutional and

State Rights during a Criminal Prosecution," *id.* While he seeks injunctive relief, *see id.*, he also seeks "Compensatory and Punitive damages against each Defendant, jointly and severally for each year [he had] endure[d] the hardship of confinement," *id.* at 8.

For the reasons explained below, his claims should be summarily dismissed pursuant to Sections 1915(e)(2)(B) and 1915A.

Judicial and Prosecutorial Immunity

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). But "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363)).

Similarly, state prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*,

424 U.S. 409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. July 7, 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Here, Plaintiff's claims against the Texas judges are solely judicial in nature; he has not alleged or shown that any judge took actions outside the scope of his or her jurisdiction and authority. He also has failed to allege specific facts to overcome prosecutorial immunity.

Defense attorneys

As to Plaintiff's claims against his defense attorney(s), public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."). And, even if Plaintiff may be trying to allege that his attorney(s) conspired with certain state actors to deprive him of his constitutional rights, his conclusory allegations are insufficient to withstand dismissal for failure to state a claim. *See Mills*, 837 F.2d at 679.

Injunctive relief

As part of his request for injunctive relief, Plaintiff appears to request that this Court order the state courts to produce certain records to him. *See* Dkt. No. 4 at 4-8, 14. But "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, Civil Action No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup.Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties)). Plaintiff's requested

injunctive relief also appears to be broader than the production of state court records. *See* Dkt. No. 4 at 8 (requesting that the state criminal orders "executed on [each Litigant]" be enjoined and that each Litigant be returned "to the existing detention which initiated the cause of these acts, while a full scale investigation is performed"). Thus, it appears that Plaintiff is challenging the underlying state conviction for which he is incarcerated. *See also id.* (asserting that he has "been kidnaped without cause"). As such, the proper course of action would be for him to file a writ of habeas corpus. *See, e.g., Johnson v. Texas*, 293 F. App'x 296, 297 (5th Cir. 2008) (per curiam) ("Insofar as Johnson's motion for a preliminary injunction sought an order for his immediate release, ... Johnson must pursue this remedy in a habeas proceeding." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005))).

Motion to Stay

Plaintiff also has filed a motion for leave to file a motion to stay [Dkt. No. 10], but that motion provides no basis to reconsider the analysis stated above or question whether the claims the Litigants have asserted are indeed frivolous.

## Recommendation

The Court should summarily dismiss Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and deny the motion to stay [Dkt. No. 10].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-11-